Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3904 | **DATE** | AUG 14 2000 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. JOB RESOURCES FOR THE DISABLED, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for reconsideration is granted in part. The plaintiff is entitled to summary judgment on Count I, the False Claims Act. The dismissal of Count II, unjust enrichment, will not be reconsidered, since that claim is now moot. Additional briefing on the question of damages shall be ordered by the court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | AUG 24 2000 date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 00 AUG 23 PM 8: 03 | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOB RESOURCES FOR THE DISABLED,<br>*et al.*,<br><br>Defendants. | No. 97 C 3904<br>Judge James B. Zagel<br><br>**DOCKETED**<br><br>AUG 2 4 2000 |

## MEMORANDUM OPINION AND ORDER

In this False Claims Act (FCA) case, the government asks me to reconsider my ruling denying its motion for summary judgment, and I assume familiarity with that opinion. *United States v. Job Resources for the Disabled*, 2000 WL 562444 (N.D. Ill. 2000). Briefly stated, this case concerns vouchers for reimbursement. Defendants (collectively, "JRD") participated in a job training program in which they were to pay certain employers a wage reimbursement for hiring certain employees. Defendants then were entitled to receive a reciprocal reimbursement from the Mayor's Office of Employment and Training (MET). Defendants submitted vouchers to MET for these reimbursements without paying the employers first, as they were required to do by contract. I denied summary judgment for the government because I found a genuine issue of fact existed as to the materiality of defendants' failure to tell MET that they were not paying employers first. *See Jobs Resources for the Disabled*, 2000 WL 562444 at * 3.

The government raises three points: 1) I erred in imposing an element of materiality to the False Claims Act; 2) even if materiality is an element of the cause of action, it is a question that in

1

this case does not require a jury's answer; and 3) I erred in dismissing its alternative equitable claim for unjust enrichment.

The statute, 31 U.S.C. § 3729, holds liable those persons who knowingly present to the government false or fraudulent claims for payment. The statute defines "knowingly" and "claim" but does not define "false or fraudulent." *See* 31 U.S.C. § 3729 (b), (c). Thus, it does not explicitly state that the claims must be materially false or fraudulent.

The materiality requirement has been imposed by some courts, with the Fourth Circuit apparently taking the lead. *U.S. ex rel. Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1459 (4th Cir. 1997); *Harrison v. Westinghouse Savannah River Company*, 176 F.3d 776, 785 (4th Cir. 1999). The Court of Appeals for the Third Circuit suggested, but did not decide, that there was no materiality requirement in the False Claims Act. *U.S. ex rel. Cantekin v. University of Pittsburgh*, 192 F.3d 402, 415 (3rd Cir. 1999). Of course, it is the Seventh Circuit that is binding here. In one case, *U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1019 (7th Cir. 1999), the court of appeals, citing *Berge*, said, "while we have not spoken on the issue, the Fourth Circuit has found a materiality requirement in the FCA," and as an alternative holding, found the lies in that case to be immaterial.[1] A few months later, the court noted that a misleading half-truth could be considered false or fraudulent, but that this approach could swallow the norm that "literal truth is enough." *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 732 (7th Cir. 1999). The court stated, "what keeps this approach from swallowing the norm... is the requirement that the plaintiff show not only that the omitted facts were material to the listener's decision, but that the speaker intend the

---

[1] The lower court in *Lamers*, affirmed by the Seventh Circuit, also held in the alternative that the statements in that case were not material and thus were not actionable. *U.S. ex rel. Lamers v. City of Green Bay*, 998 F.Supp. 971, 992 (E.D. Wisc. 1998).

statement or omission to deceive." *Id.* (citations omitted).

The government says that to impose materiality as an element in False Claim Act cases would be inconsistent with *United States v. Wells*, 519 U.S. 482, 117 S.Ct. 921 (1997), and *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827 (1999). In *Wells*, the Supreme Court held that materiality was not an element of the crime of knowingly making a false statement to a federally insured bank. *Wells*, 519 U.S. at 484; 18 U.S.C. § 1014. In *Neder*, the Court held that materiality was an element of a scheme or artifice to defraud under the federal mail fraud, wire fraud and bank fraud statutes. *Neder*, 527 U.S. at 19; 18 U.S.C. §§ 1341, 1343, 1344.

In both cases, the Court first noted that since materiality was not in the text of the statute, "based solely on a natural reading of the full text, materiality would not be an element" of the offenses. *Wells*, 519 U.S. at 490; *Neder*, 527 U.S. at 21. So far so good for the government. Next, the Court looked to the common-law understanding of the terms, since "a court must infer, unless the statute otherwise dictates, that Congress meant to incorporate the established meaning of those terms." *Wells*, 519 U.S. at 491; *Neder*, 527 U.S. at 21. Here, the two cases part company. In *Wells*, the Court said the meaning of "false statement" did not carry, at common-law, an implication of materiality. *Wells*, 519 U.S. at 491 & n.10. In *Neder*, the Court said "the common law could not have conceived of 'fraud' without proof of materiality." *Neder*, 527 U.S. at 22. So we know that "false statement" does not imply materiality, but "fraud" does. In footnote seven, *Neder* addressed the argument that since Congress put materiality into the text of some statutes prohibiting false and fraudulent statements, the absence of materiality in the text of the statutes before the Court implied that materiality was not required. The Court rejected this view and said that since, under *Wells*, "false statement" does not imply materiality, Congress inserted the term in some statutes to make

3

sure that only materially false statements were criminalized. This does not rebut the presumption that "fraud" continues to imply materiality. *Neder*, 527 U.S. at 23 n.7.

Where does this leave the FCA? This civil statute uses "false *or* fraudulent." Common law presumptions require materiality if the claims are alleged to be fraudulent or "false" in the sense of misrepresentation, but eliminate materiality if the claims are alleged to be affirmatively false.[2] The difference between an affirmative false statement (which need not be material) and a lie of omission (which must be material to be fraudulent or to be a misrepresentation) is important for the very reason stated by Judge Easterbrook in *Luckey* -- the norm is that the literal truth does not trigger liability, and materiality prevents liability for half-truths from swallowing the norm. *Luckey*, 183 F.3d at 732; *see also Job Resources for the Disabled*, 2000 WL 562444, at * 2 n.9 (materiality particularly appropriate when considering a lie of omission).[3]

The case before me is one of omissions, not affirmative misstatements, and thus I find the omissions must be material to trigger liability under the False Claims Act.[4]

The government next asks me to reconsider my finding that a genuine issue of fact exists as to the materiality of the omissions in this case. In my previous ruling, I found that defendants were

---

[2] At common law, the tort of misrepresentation also required a showing of materiality. *Kungys v. United States*, 485 U.S. 759, 781, 108 S.Ct. 1537, 1552 (1988).

[3] This is not necessarily inconsistent with the Third Circuit's observations in *Cantekin*; the court noted that "false statement," unlike "fraudulent statement," did not imply materiality. Since the FCA prohibits making a knowingly false claim and does not require the specific intent to defraud, the court thought *Neder* argued against a materiality requirement. *Cantekin*, 192 F.3d at 415. I agree insofar as the claim is alleged to be affirmatively false, *e.g.*, in a false certification case, but not where the theory is that the claim for payment omitted a fact, thereby becoming a fraudulent statement. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 786-787 & n.8 (4th Cir. 1999) (discussing false certification cases).

[4] I need not decide, as *Berge* did, whether materiality is required in all FCA cases and I limit my decision to suits alleging omitted facts.

required to pay employers before requesting reimbursements from the government and that they recklessly filed claims for reimbursement without paying employers first. I believed a question existed as to whether failing to inform the government that they had not paid employers was material or not.

The government asks me to follow *Berge* to the extent it held that materiality was a mixed question of law and fact to be decided by the court, not a jury. *Berge*, 104 F.3d at 1460. The Supreme Court has held that in criminal cases, the Constitution requires a materiality element to be submitted to a jury. *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995). In *Berge*, the Fourth Circuit limited *Gaudin* to criminal cases only and decided that since the FCA is civil, materiality can be decided by the court. *Berge*, 104 F.3d at 1459 (quoting *Gaudin*, 515 U.S. at 517 ("the courts' power to resolve mixed-law-and-fact questions in civil cases is not at issue here")); *see also United States v. Klausner*, 80 F.3d 55 (2nd Cir. 1996) (*Gaudin* does not prevent court from deciding materiality under criminal statute prohibiting preparation of false tax return).

Materiality is often a question for civil juries. In securities fraud cases, materiality requires "delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact." *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450, 96 S.Ct. 2126, 2133 (1976). In another context, the Court of International Trade, considering *Gaudin*, *TSC Industries*, and *Berge*, held that materiality under 19 U.S.C. § 1592(a)'s prohibition on making false statements to the United States Customs Service was a jury question. *United States v. Tri-State Hospital Supply Corp.*, 74 F.Supp.2d 1311, 1317-1319 (C.I.T. 1999).

I find that the materiality of an omission ought to be a question for the trier of fact in FCA

5

cases. It is certainly a mixed question of law and fact, requiring a legal determination of the relevancy of the information and a factual determination concerning the weight the decisionmaker would have given the information. *See S.E.C. v. Mayhew*, 121 F.3d 44, 52 (2nd Cir. 1997) (securities fraud). The factual aspect of materiality is traditionally within the province of the jury and I cannot say that the False Claims Act presents more "law" than securities fraud.

That said, jury questions are routinely resolved at summary judgment when there are no genuine issues of fact.

In this case, the failure to inform the MET that JRD did not reimburse employers prior to seeking its own reimbursement was material if the omitted information had a natural tendency to influence or was capable of influencing the decision of the decisionmaker. *See Neder*, 527 U.S. at 16. I denied summary judgment because there was some evidence that suggested that the immediate decisionmaker, MET, did not care whether JRD reimbursed employers or not. *Job Resources for the Disabled*, 2000 WL 562444 at * 3. But as the government correctly notes, there is a difference between materiality and reliance. *See Wells*, 519 U.S. at 501 (Stevens, J., dissenting) (noting distinction between materiality – whether the information could have played a role – and reliance – whether the information did in fact play a role).

Thus, the government says, even if MET did not rely on the omitted facts, they were still material. Viewed in this light, it was error to deny summary judgment. The undisputed evidence demonstrates that JRD was required to reimburse employers before seeking reimbursements from MET and that if MET had known that JRD was not following the terms of the contract, it would not have paid the claims -- the vouchers were supposed to be checked for contractual compliance before payment. There is no dispute as to Confesor DeJesus's testimony on this point. This alone proves

6

that contractual compliance is material to the reimbursement process. For whatever reason, the procedures failed in this case and JRD received payments it should not have. This does not change the fact that the omitted information was quite clearly capable of influencing the payment decision and thus was material.[5]

Finally, the government asks me to reconsider the dismissal of its alternative claim for unjust enrichment. Because I have reconsidered summary judgment on the FCA claim, the unjust enrichment claim is moot. As the government acknowledges, if reinstated, the unjust enrichment claim could only proceed if the FCA claim failed since equity does not allow double recovery.

## CONCLUSION

Plaintiff's motion for reconsideration is granted in part. The plaintiff is entitled to summary judgment on Count I, the False Claims Act. The dismissal of Count II, unjust enrichment, will not be reconsidered, since that claim is now moot. Additional briefing on the question of damages shall be ordered by the court.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: AUG 14 2000

---

[5] JRD argues that the government waived the contractual requirement to reimburse employers first when it allowed JRD to pass through the system so many times. I agree with the government that this argument, essentially an affirmative defense of waiver, cannot be raised here, there is in fact no evidence of a waiver to the contract ever being made, and estoppel against the government would not be appropriate here.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOB RESOURCES FOR THE DISABLED,
*et al.*,

Defendants.

No. 97 C 3904
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

In this False Claims Act (FCA) case, the government asks me to reconsider my ruling denying its motion for summary judgment, and I assume familiarity with that opinion. *United States v. Job Resources for the Disabled*, 2000 WL 562444 (N.D. Ill. 2000). Briefly stated, this case concerns vouchers for reimbursement. Defendants (collectively, "JRD") participated in a job training program in which they were to pay certain employers a wage reimbursement for hiring certain employees. Defendants then were entitled to receive a reciprocal reimbursement from the Mayor's Office of Employment and Training (MET). Defendants submitted vouchers to MET for these reimbursements without paying the employers first, as they were required to do by contract. I denied summary judgment for the government because I found a genuine issue of fact existed as to the materiality of defendants' failure to tell MET that they were not paying employers first. *See Jobs Resources for the Disabled*, 2000 WL 562444 at * 3.

The government raises three points: 1) I erred in imposing an element of materiality to the False Claims Act; 2) even if materiality is an element of the cause of action, it is a question that in

1

this case does not require a jury's answer; and 3) I erred in dismissing its alternative equitable claim for unjust enrichment.

The statute, 31 U.S.C. § 3729, holds liable those persons who knowingly present to the government false or fraudulent claims for payment. The statute defines "knowingly" and "claim" but does not define "false or fraudulent." *See* 31 U.S.C. § 3729 (b), (c). Thus, it does not explicitly state that the claims must be materially false or fraudulent.

The materiality requirement has been imposed by some courts, with the Fourth Circuit apparently taking the lead. *U.S. ex rel. Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1459 (4th Cir. 1997); *Harrison v. Westinghouse Savannah River Company*, 176 F.3d 776, 785 (4th Cir. 1999). The Court of Appeals for the Third Circuit suggested, but did not decide, that there was no materiality requirement in the False Claims Act. *U.S. ex rel. Cantekin v. University of Pittsburgh*, 192 F.3d 402, 415 (3rd Cir. 1999). Of course, it is the Seventh Circuit that is binding here. In one case, *U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1019 (7th Cir. 1999), the court of appeals, citing *Berge*, said, "while we have not spoken on the issue, the Fourth Circuit has found a materiality requirement in the FCA," and as an alternative holding, found the lies in that case to be immaterial.[1] A few months later, the court noted that a misleading half-truth could be considered false or fraudulent, but that this approach could swallow the norm that "literal truth is enough." *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 732 (7th Cir. 1999). The court stated, "what keeps this approach from swallowing the norm... is the requirement that the plaintiff show not only that the omitted facts were material to the listener's decision, but that the speaker intend the

---

[1] The lower court in *Lamers*, affirmed by the Seventh Circuit, also held in the alternative that the statements in that case were not material and thus were not actionable. *U.S. ex rel. Lamers v. City of Green Bay*, 998 F.Supp. 971, 992 (E.D. Wisc. 1998).

2

statement or omission to deceive." *Id.* (citations omitted).

The government says that to impose materiality as an element in False Claim Act cases would be inconsistent with *United States v. Wells*, 519 U.S. 482, 117 S.Ct. 921 (1997), and *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827 (1999). In *Wells*, the Supreme Court held that materiality was not an element of the crime of knowingly making a false statement to a federally insured bank. *Wells*, 519 U.S. at 484; 18 U.S.C. § 1014. In *Neder*, the Court held that materiality was an element of a scheme or artifice to defraud under the federal mail fraud, wire fraud and bank fraud statutes. *Neder*, 527 U.S. at 19; 18 U.S.C. §§ 1341, 1343, 1344.

In both cases, the Court first noted that since materiality was not in the text of the statute, "based solely on a natural reading of the full text, materiality would not be an element" of the offenses. *Wells*, 519 U.S. at 490; *Neder*, 527 U.S. at 21. So far so good for the government. Next, the Court looked to the common-law understanding of the terms, since "a court must infer, unless the statute otherwise dictates, that Congress meant to incorporate the established meaning of those terms." *Wells*, 519 U.S. at 491; *Neder*, 527 U.S. at 21. Here, the two cases part company. In *Wells*, the Court said the meaning of "false statement" did not carry, at common-law, an implication of materiality. *Wells*, 519 U.S. at 491 & n.10. In *Neder*, the Court said "the common law could not have conceived of 'fraud' without proof of materiality." *Neder*, 527 U.S. at 22. So we know that "false statement" does not imply materiality, but "fraud" does. In footnote seven, *Neder* addressed the argument that since Congress put materiality into the text of some statutes prohibiting false and fraudulent statements, the absence of materiality in the text of the statutes before the Court implied that materiality was not required. The Court rejected this view and said that since, under *Wells*, "false statement" does not imply materiality, Congress inserted the term in some statutes to make

3

sure that only materially false statements were criminalized. This does not rebut the presumption that "fraud" continues to imply materiality. *Neder*, 527 U.S. at 23 n.7.

Where does this leave the FCA? This civil statute uses "false *or* fraudulent." Common law presumptions require materiality if the claims are alleged to be fraudulent or "false" in the sense of misrepresentation, but eliminate materiality if the claims are alleged to be affirmatively false.[2] The difference between an affirmative false statement (which need not be material) and a lie of omission (which must be material to be fraudulent or to be a misrepresentation) is important for the very reason stated by Judge Easterbrook in *Luckey* -- the norm is that the literal truth does not trigger liability, and materiality prevents liability for half-truths from swallowing the norm. *Luckey*, 183 F.3d at 732; *see also Job Resources for the Disabled*, 2000 WL 562444, at * 2 n.9 (materiality particularly appropriate when considering a lie of omission).[3]

The case before me is one of omissions, not affirmative misstatements, and thus I find the omissions must be material to trigger liability under the False Claims Act.[4]

The government next asks me to reconsider my finding that a genuine issue of fact exists as to the materiality of the omissions in this case. In my previous ruling, I found that defendants were required to pay employers before requesting reimbursements from the government and that they

---

[2] At common law, the tort of misrepresentation also required a showing of materiality. *Kungys v. United States*, 485 U.S. 759, 781, 108 S.Ct. 1537, 1552 (1988).

[3] This is not necessarily inconsistent with the Third Circuit's observations in *Cantekin*; the court noted that "false statement," unlike "fraudulent statement," did not imply materiality. Since the FCA prohibits making a knowingly false claim and does not require the specific intent to defraud, the court thought *Neder* argued against a materiality requirement. *Cantekin*, 192 F.3d at 415. I agree insofar as the claim is alleged to be affirmatively false, *e.g.*, in a false certification case, but not where the theory is that the claim for payment omitted a fact, thereby becoming a fraudulent statement. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 786-787 & n.8 (4th Cir. 1999) (discussing false certification cases).

[4] I need not decide, as *Berge* did, whether materiality is required in all FCA cases and I limit my decision to suits alleging omitted facts.

4

recklessly filed claims for reimbursement without paying employers first. I believed a question existed as to whether failing to inform the government that they had not paid employers was material or not.

The government asks me to follow *Berge* to the extent it held that materiality was a mixed question of law and fact to be decided by the court, not a jury. *Berge*, 104 F.3d at 1460. The Supreme Court has held that in criminal cases, the Constitution requires a materiality element to be submitted to a jury. *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995). In *Berge*, the Fourth Circuit limited *Gaudin* to criminal cases only and decided that since the FCA is civil, materiality can be decided by the court. *Berge*, 104 F.3d at 1459 (quoting *Gaudin*, 515 U.S. at 517 ("the courts' power to resolve mixed-law-and-fact questions in civil cases is not at issue here")); *see also United States v. Klausner*, 80 F.3d 55 (2nd Cir. 1996) (*Gaudin* does not prevent court from deciding materiality under criminal statute prohibiting preparation of false tax return).

Materiality is often a question for civil juries. In securities fraud cases, materiality requires "delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact." *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450, 96 S.Ct. 2126, 2133 (1976). In another context, the Court of International Trade, considering *Gaudin*, *TSC Industries*, and *Berge*, held that materiality under 19 U.S.C. § 1592(a)'s prohibition on making false statements to the United States Customs Service was a jury question. *United States v. Tri-State Hospital Supply Corp.*, 74 F.Supp.2d 1311, 1317-1319 (C.I.T. 1999).

I find that the materiality of an omission ought to be a question for the trier of fact in FCA cases. It is certainly a mixed question of law and fact, requiring a legal determination of the

relevancy of the information and a factual determination concerning the weight the decisionmaker would have given the information. *See S.E.C. v. Mayhew*, 121 F.3d 44, 52 (2nd Cir. 1997) (securities fraud). The factual aspect of materiality is traditionally within the province of the jury and I cannot say that the False Claims Act presents more "law" than securities fraud.

That said, jury questions are routinely resolved at summary judgment when there are no genuine issues of fact.

In this case, the failure to inform the MET that JRD did not reimburse employers prior to seeking its own reimbursement was material if the omitted information had a natural tendency to influence or was capable of influencing the decision of the decisionmaker. *See Neder*, 527 U.S. at 16. I denied summary judgment because there was some evidence that suggested that the immediate decisionmaker, MET, did not care whether JRD reimbursed employers or not. *Job Resources for the Disabled*, 2000 WL 562444 at * 3. But as the government correctly notes, there is a difference between materiality and reliance. *See Wells*, 519 U.S. at 501 (Stevens, J., dissenting) (noting distinction between materiality – whether the information could have played a role – and reliance – whether the information did in fact play a role).

Thus, the government says, even if MET did not rely on the omitted facts, they were still material. Viewed in this light, it was error to deny summary judgment. The undisputed evidence demonstrates that JRD was required to reimburse employers before seeking reimbursements from MET and that if MET had known that JRD was not following the terms of the contract, it would not have paid the claims -- the vouchers were supposed to be checked for contractual compliance before payment. There is no dispute as to Confesor DeJesus's testimony on this point. This alone proves that contractual compliance is material to the reimbursement process. For whatever reason, the

procedures failed in this case and JRD received payments it should not have. This does not change the fact that the omitted information was quite clearly capable of influencing the payment decision and thus was material.[5]

Finally, the government asks me to reconsider the dismissal of its alternative claim for unjust enrichment. Because I have reconsidered summary judgment on the FCA claim, the unjust enrichment claim is moot. As the government acknowledges, if reinstated, the unjust enrichment claim could only proceed if the FCA claim failed since equity does not allow double recovery.

## CONCLUSION

Plaintiff's motion for reconsideration is granted in part. The plaintiff is entitled to summary judgment on Count I, the False Claims Act. The dismissal of Count II, unjust enrichment, will not be reconsidered, since that claim is now moot. Additional briefing on the question of damages shall be ordered by the court.

ENTER:

James B. Zagel
United States District Judge

DATE: 14 August 2006

---

[5] JRD argues that the government waived the contractual requirement to reimburse employers first when it allowed JRD to pass through the system so many times. I agree with the government that this argument, essentially an affirmative defense of waiver, cannot be raised here, there is in fact no evidence of a waiver to the contract ever being made, and estoppel against the government would not be appropriate here.